## CHANTANGCO v. ABAROA.

### ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 2.    Submitted October 24, 1910.—Decided November 28, 1910.

The general rule of the common law is that a judgment in a criminal proceeding cannot be read in evidence in a civil action to establish any fact there determined. The parties are not the same and different rules of evidence are applicable.

Identity of parties will not always operate to make a judgment in a criminal action admissible in a civil action; there must be identity of issue, *Stone* v. *United States*, 167 U. S. 178, although as held in *Coffey* v. *United States*, 116 U. S. 436, when the facts are ascertained in a criminal case as between the United States and the defendant they cannot be again litigated as between him and the United States as the basis of any statutory punishment denounced as a consequence of the existence of the facts.

In a case coming from the Philippine Islands, however, this court will not apply the common-law rule as to effect to be given in a subsequent civil case to a judgment in a criminal case, but will consider only whether the local law of the Philippine Islands has been rightly applied.

The local law in the Philippine Islands, which is still in force, not having been suspended by legislation, is that indemnity for damages in penal cases is a consequence of the commission of the crime and a verdict of acquittal carries with it exemption from civil liability. This rule applies even against one who in the criminal action attempted to reserve his rights to bring a civil action.

THE facts, which involve the right of recovery in the Philippine Islands of damages caused by alleged crimi-

nal acts of defendant, in a civil action after the defendant's acquittal in a criminal action, are stated in the opinion.

*Mr. Aldis B. Browne,* with whom *Mr. W. A. Kincaid, Mr. Alexander Britton,* and *Mr. Evans Browne* were on the brief, for plaintiffs in error:

There was no determination in the criminal action of the matter in controversy in this action such as to warrant the application of the principle of *res judicata.* A judgment in a criminal action is not evidence in a civil action to support the defense of former adjudication, even though both actions involve the same subject-matter or transaction. Greenleaf on 'Evidence, § 537; Jones on Evidence, § 589, p. 745; 1 Wharton on Evidence, § 776; Herman on Estoppel, § 413; 2 Black on Judgments, § 529; 1 Freeman on Judgments, § 319. Such has been the rule in England from an early day, and it has always been the law in this country. *King v. Boston,* 4 East. 572; *Jones v. White,* 1 Strange, 67; Buller's Nisi Prius, 233; *Petrie v. Nuttall,* 11 Excheq. Rep. 569; *Justice v. Gosling,* 12 C. B. 39–44; *Cottingham v. Weeks,* 54 Georgia, 275; *Marceau v. Travelers' Insurance Co.,* 101 California, 338; *Burke v. Wells, Fargo & Co.,* 34 California, 60–62; *Cluff v. Insurance Co.,* 99 Massachusetts, 317; *Morch v. Raubitschek,* 159 Pa. St. 559; *Betts v. New Hartford,* 25 Connecticut, 180; *Corbley v. Wilson,* 71 Illinois, 209; *Johnson v. Girdwood,* 143 N. Y. 660; *Chamberlain v. Pierson,* 87 Fed. Rep. 420–424; *Dyer County v. Railroad Co.,* 87 Tennessee, 712; *United States v. Jaedicke,* 73 Fed. Rep. 100; *Van Hoffman v. Kendall,* 17 N. Y. Supp. 713; *United States v. Schneider,* 35 Fed. Rep. 107; *McDonald v. Starke,* 176 Illinois, 456.

There are many other cases in which the principle has been applied. *Gray v. McDonald,* 104 Missouri, 303, 309; *Wilson v. Manhattan Ry. Co.,* 20 N. Y. Supp. 852; *Skid-*

*more* v. *Bricker,* 77 Illinois, 164; *Tumlin* v. *Parrott,* 82
Georgia, 732–735; *Sibley* v. *St. Paul F. & M. Ins. Co.,*
9 Biss. 31; *State* v. *Carron,* 73 N. H. 434.

A judgment in a criminal prosecution does not support
the plea of *res judicata* in a civil action. *Frierson* v.
*Jenkins,* 72 S. Car. 341; see also *Britton* v. *State,* 77 Ala-
bama, 202, 209; *State* v. *Bradnack,* 69 Connecticut, 212,
214, 215; *People* v. *Kenyon,* 93 Michigan, 19, and note in
5 Am. & Eng. Anno. Cases, pp. 78–80; *Stone* v. *United
States,* 167 U. S. 178, distinguishing *Coffey* v. *United States,*
116 U. S. 436, 444, and *Gelston* v. *Hoyt,* 3 Wheat. 246;
*Commonwealth* v. *Feldman,* 131 Massachusetts, 588; *Cooper*
v. *Commonwealth,* 106 Kentucky, 909.

The action is to recover a forfeiture which would have
been part of the penalty imposed in the former criminal
proceeding, and is between the same parties; the previous
acquittal in the criminal action is a bar. *State* v. *Meek,*
112 Iowa, 338; *United States* v. *Butler,* 38 Fed. Rep. 498–
499; *State* v. *Adams,* 72 Vermont, 253; *Commonwealth* v.
*Ellis,* 160 Massachusetts, 165, do not apply.

Even where both actions are of the same nature, the
principle of *res judicata* requires that there shall be
identity of parties, either in fact or in privity of interest,
as well as identity of the matter at issue. *Robins* v.
*Chicago,* 4 Wall. 657, 672; *Amer. Bell Tel. Co.* v. *National
Telephone Co.,* 27 Fed. Rep. 657; *Frank* v. *Wedderin,* 68
Fed. Rep. 818; *Weller* v. *Hershey,* 89 Fed. Rep. 575;
*Houke* v. *Cooper,* 108 Fed. Rep. 992; *Litchfield* v. *Good-
now,* 123 U. S. 549; *Wilgus* v. *Germain,* 72 Fed. Rep. 773,
775; *Hall* v. *Finch,* 106 U. S. 261; *Stryker* v. *Goodnow,* 123
Fed. Rep. 527; *Southern Pacific R. R. Co.* v. *United States,*
168 U. S. 48; *Russell* v. *Place,* 94 U. S. 606, 608; *Last
Chance Mining Co.* v. *Tyler Mining Co.,* 157 U. S. 683,
688; *New Orleans* v. *Citizens' National Bank,* 167 U. S.
371; *Pacific Railway* v. *United States,* 183 U. S. 519, 528;
Greenleaf on Evidence, § 523; *Lovejoy* v. *Murray,* 3 Wall.

1, 10; see article 1252 of the Civil Code of the Philippine Islands; *Gaines* v. *Hennen,* 24 How. 553; Art. 105 of the Law of Criminal Procedure; § 107 of General Order No. 58, issued April 23, 1900; Act No. 190, §§ 306, 307, United States Philippine Commission in 1901; §§ 1908, 1911 of the Code of Civil Procedure of California; and see *Tanguinlay* v. *Quinos,* 10 Philippine Rep. 360; *Merchant* v. *International Bank,* 9 Philippine Rep. 554; *O'Connell* v. *Maygua,* 8 Philippine Rep. 422.

The provisions seem to be in entire accord with the general rule on the subject as established by the decisions of this court. *Cromwell* v. *County of Sac,* 94 U. S. 351, 356; *Fayrweather* v. *Rich,* 195 U. S. 276, 299.

There was no brief filed for defendant in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Philippine Islands to review a judgment affirming a judgment of the court of the first instance in favor of the defendant.

The action was to recover indemnification of damages for the destruction of a storehouse and a stock of merchandise therein, valued at $58,473.49, Mexican, which the complaint alleged was "burned maliciously or unlawfully by Eduardo Abaroa," the defendant to the complaint, and defendant in error here.

The defense was, first, a general denial, and second, that the defendant, in a criminal action for the same burning and damage alleged, had been acquitted and held not guilty of the malicious burning now alleged, and in consequence of such judgment was not liable in a civil action for any damage to the plaintiff. The judgment in the criminal proceeding referred to was in these words:

"The evidence introduced by the prosecution indicates

that the defendant might have been the author of the crime, but it is not conclusive. All persons charged with crime are presumed to be innocent until they are proven otherwise. There being in my mind some doubt as to the guilt of the defendant, I should and do hereby acquit him, with the costs of these proceedings de oficio, and the attachment heretofore levied on his property is hereby vacated, reserving to the complaining witness whatever right he may have to bring a civil action against the said Eduardo Abaroa."

Upon a final hearing upon all of the proofs the court of first instance adjudged that the cause of action alleged and proved was one arising from the criminal act which was the subject of the former criminal proceeding; and that the defendant having been acquitted in the criminal action was not civilly liable. This judgment was affirmed by the Supreme Court of the Philippine Islands upon an elaborate opinion.

We have not had the benefit of either brief or argument for the defendant in this writ of error, but have found much assistance in the opinions of each of the Philippine courts, as well from very helpful briefs filed by learned counsel for the plaintiff in error. The contention which has been very forcibly pressed is that the judgment of acquittal in the criminal action does not operate as a bar to a subsequent civil action for indemnification of damages resulting from the same malicious or unlawful burning of the house and goods of the plaintiff, which was charged in the criminal action.

The proposition upon which the Supreme Court of the Philippine Islands grounded its judgment affirming that of the lower court in favor of the defendant Abaroa was, "That it has not been alleged or shown by the plaintiffs, as a cause of action instituted civilly against the defendant, that the aforesaid fire was caused through any fault or negligence on the part of the defendant, nor is there

shown any motive or cause distinct from that act, the subject of the case already terminated in accordance with the provisions of articles 1093, 1902 and 1903 of the Civil Code;" and second, that one who is not criminally responsible for a crime or misdemeanor cannot be made civilly responsible for the crime of which he has been acquitted.

The general rule of the common law is that a judgment in a criminal proceeding cannot be read in evidence in a civil action to establish any fact there determined. The reason for this rule is, primarily, that the parties are not the same, and, secondarily, that different rules of evidence are applicable. In the old case of *Jones* v. *White,* 1 Strange, 67–68, Eyre, J., said, "If a verdict be given in evidence, it must be between the same parties; and therefore an indictment, which is at the suit of the King, cannot be read in an action which is at the suit of the party." The requisite of mutual estoppel is essential to make a judgment in one action obligatory in another, although the point in issue is the same in each case. Unless the parties are the same the matter is *res inter alios.* Buller's Nisi Prius, 233; Wharton's Law of Evidence, vol. 1, § 776; *Dyer* v. *Railroad,* 87 Tennessee, 712.

Neither will identity of parties always operate to make a judgment in a criminal action admissible in evidence in a civil action. There must be identity of issue. Thus in *Stone* v. *United States,* 167 U. S. 178, 187, Stone was sued by the United States to recover the value of timber alleged to have been cut by him from public lands. He had been theretofore indicted, tried and acquitted for unlawfully cutting the same timber from the public lands, and plead this judgment as a bar to a suit for civil liability. This was held to be no defense, and *Coffey's Case,* 116 U. S. 436, distinguished as having been placed upon the ground "that the facts ascertained in a criminal case, as between the United States and the claimant, could

not be again litigated between them, as the basis of any *statutory punishment* denounced as a consequence of the existence of the facts." With respect to the application of *Coffey's case,* Mr. Justice Harlan, for the court, said:

"In the present case the action against Stone is purely civil. It depends entirely upon the ownership of certain personal property. The rule established in *Coffey's case* can have no application in a civil case not involving any question of criminal intent or of forfeiture for prohibited acts, but turning wholly upon an issue as to the ownership of property. In the criminal case the Government sought to punish a criminal offense, while in the civil case it only seeks, in its capacity as owner of property, illegally converted, to recover its value. In the criminal case his acquittal may have been due to the fact that the Government failed to show, beyond a reasonable doubt, the existence of some fact essential to establish the offense charged, while the same evidence in a civil action brought to recover the value of the property illegally converted might have been sufficient to entitle the Government to a verdict. Not only was a greater degree of proof requisite to support the indictment than is sufficient to sustain a civil action; but an essential fact had to be proved in the criminal case, which was not necessary to be proved in the present suit. In order to convict the defendant upon the indictment for unlawfully, wilfully and feloniously cutting and removing timber from lands of the United States, it was necessary to prove a criminal intent on his part, or, at least, that he knew the timber to be the property of the United States. *Regina* v. *Cohen,* 8 Cox C. C. 41; *Regina* v. *James,* 8 Car. & P. 131; *United States* v. *Pierce,* 2 McLean, 14; *Cutter* v. *State,* 36 N. J. Law, 125, 126. But the present action for the conversion of the timber would be supported by proof that it was in fact the property of the United States, whether the de-

fendant knew that fact or not. *Woodenware Co.* v. *United States*, 106 U. S. 432. An honest mistake of the defendant as to his title in the property would be a defense to the indictment, but not to the civil action. Broom's Leg. Max. (5th ed.) 366, 367. It cannot be said that any fact was conclusively established in the criminal case, except that the defendant was not guilty of the public offense with which he was charged. We cannot agree that the failure or inability of the United States to prove in the criminal case that the defendant had been guilty of a crime, either forfeited its right of property in the timber or its right in this civil action, upon a preponderance of proof, to recover the value of such property."

There are peculiarities about the character of the action now under consideration which, as will appear later, may bring it under the principles of *Coffey* v. *United States*, *supra*, rather than *Stone* v. *United States*, the indemnification here sought being a part of the punishment attached to the offense of which the defendant has been acquitted.

The case is, however, one which we conceive must be governed by the local law of the Philippine Islands, and the single question to which we need address ourselves is as to whether that law was rightly applied by the local tribunals.

Article 1902 of the Civil Code in force in the Philippine Islands reads thus: "A person who by an act or omission causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done." By §§ 1092 and 1093 of the same code provision is made for the enforcement of civil liability, varying in character according to the origin of the liability. Thus, § 1092 provides that civil obligations arising from crimes and misdemeanors shall be governed by the provisions of the Penal Code. On the other hand, § 1093 provides that, "Those arising from acts or omissions, in which faults or negligence, not punished by law, occurs, shall

be subject to the provisions of Chapter second of Title sixteen of this book." The action here involved comes directly under § 1092 above set out, and is not an action arising from "fault or negligence, not punished by law." The complaint alleges that the act of burning was "malicious and unlawful," and not that it was the result of any "fault or negligence." This was the construction placed upon the complaint by both the courts below, and is a construction not challenged here. It follows that we must turn to the Penal Code, to discover when a civil action arises out of a crime or misdemeanor, and the procedure for the enforcement of such civil liability. Article 17 of the Penal Code reads as follows: "Every person criminally liable for a crime or misdemeanor is also civilly liable." May this civil liability be enforced without a prior legal determination of the fact of the defendant's guilt of crime? Does civil liability exist at all if the defendant has been found not guilty of the acts out of which the civil liability arises? The opinion of the court below was that a judgment of conviction was essential to an action for indemnification under the applicable local law. To this conclusion we assent, upon the following considerations:

First, by the positive legislation of the Philippine Codes, civil and criminal, a distinction is drawn between a civil liability which results from the mere negligence of the defendant and a liability for the civil consequences of a crime by which another has sustained loss or injury.

Second, the plain inference from Article 17, above set out, is that civil liability springs out of and is dependent upon facts which if true would constitute a crime or misdemeanor.

Third, the Philippine Code of Procedure plainly contemplates that the civil liability of the defendant shall be ascertained and declared in the criminal proceedings.

Thus § 742 of the Code of Criminal Procedure, after

requiring that in a criminal proceeding all of the minor
or incidental offenses included in the principal crime shall
be decided, adds: "All questions relating to the civil
liability which may have been the subject matter of the
charge shall be decided in the sentence."

By § 108 of the same code the prosecuting official is
required to prosecute the right of the injured person to
restitution or indemnity, unless such person renounces
the right.

By § 112 of the same code the civil action is held to be
part of the criminal action, "unless the person injured or
prejudiced renounces the same or expressly reserves the
right to institute it after the conclusion of the criminal
action."

In *United States* v. *Catequista*, 1 Philippine Rep. 537,
538, the court below failed to determine the liability of
the defendant to indemnify the person injured by the
misdemeanor of which he had been convicted. Concern-
ing this, Ladd, J., for the court, said:

"The court also erred in not determining in the judg-
ment the civil liability of the defendant for the *daños* and
*prejuicios*, which resulted from the criminal act. Such
civil liability is a necessary consequence of criminal re-
sponsibility, (Penal Code, article 17,) and it is to be de-
clared and enforced in the criminal proceeding, except
where the injured party reserves his right to avail him-
self of it in a distinct civil action. Code of Criminal Pro-
cedure of Spain, article 112, Provisional Law for the Ap-
plication of the Penal Code in the Philippines, article 51,
No. 4. No such waiver or reservation is disclosed by the
record here."

It is true that one of the plaintiffs in the present case
reserved whatever right he may have had to bring a civil
action. This was obviously of no avail, inasmuch as
there resulted a judgment for the defendant, and the
plain inference from the foregoing is that a verdict of ac-

quittal must carry with it exemption from civil responsibility.

The effect of the application of the substantive law of the Philippine Islands given by the court below, not only in the present case but in the prior cases cited above, accords with the interpretation of identical provisions in the law of Spain by the Supreme Court of that kingdom, as shown by citations from the Spanish Supreme Court Reports. Some of these we have not been able to verify. We have, however, examined the decision of that court cited as of January 3, 1877. In that case the defendant had been tried and acquitted upon a criminal complaint. Notwithstanding this result, the trial court gave a judgment indemnifying the injured person for a loss supposed to have been suffered by him as a consequence of the crime of which the defendant had been acquitted. This judgment was annulled. Upon this point the court, in substance, said that indemnity for damages in penal cases was a consequence of the commission of a crime. The defendant was, therefore, not liable civilly, inasmuch as he had been found not liable criminally.

The foregoing considerations eliminate any question of the effect of such a judgment of acquittal under the principles of the common law, and require an affirmance of the judgment of the court below as properly based upon the applicable substantive law of the Philippine Islands, which has not been superseded by legislation since the establishment of the present Philippine Government.

*Judgment affirmed.*