PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MALDONADO ET AL., Defendants and Appellants.

No. 4492. Argued November 27, 1931.—Decided May 17, 1933.

*P. Baigés Gómez* for appellants. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The lessees of the Belvedere farm, located at Cabo Rojo, ordered their overseer, Manuel de Santiago, to cut timber in a mangrove thicket, and said overseer directed Luis Maldonado, a farm laborer, to cut said timber. A criminal complaint was filed against Luis Maldonado for cutting mangrove trees belonging to the People of Puerto Rico without being authorized therefor in writing or by any law. The overseer Santiago was included in the complaint as a defendant for having directed Luis Maldonado to cut the said timber.

Both these persons were charged with having acted maliciously and unlawfully and both were convicted; whereupon they took the present appeal.

What is really behind this prosecution is a civil controversy existing between the lessees and the owners of the farm, on the one hand, and the People of Puerto Rico, on the other, wherein each party claims ownership of said mangrove thicket, a controversy in which criminal liability is sought to be imposed on persons who have merely executed orders from the lessees, whom they saw in the possession of the mangrove timber that they were directed to cut.

In *Stone* v. *United States,* 167 U. S. 179, the Supreme Court of the United States, after citing several cases, said that in order to convict a person upon an indictment for unlawfully, wilfully, and feloniously cutting and removing timber from lands of the United States it is necessary to prove a criminal intent on his part, or, at least, that he knew the timber to be the property of the United States, and that an honest mistake with respect to title would be a defense in a criminal action. Said case was cited in *Chantangco* v. *Abaroa,* 218 U. S. 476.

The defendant employees in the instant case confined themselves to a compliance with the orders given to them and they were unaware of the fact, if true, that the mangrove trees did not belong to the central, for which reason they could and should reasonably assume that the mangrove timber pertained to the farm, and therefore there was no criminal intention on their part to take the property of the People of Puerto Rico.

We are not now deciding who is the owner of said mangrove trees, but only that the appellants did not commit with criminal intent the acts charged against them.

The judgment appealed from should be reversed and the defendants discharged.

Mr. Justice Córdova Dávila took no part in the decision of this case.