## NOLL et v WILSON

Ohio Appeals, 1st Dist, Hamilton Co

No 4426.  Decided Jan 8, 1934

Ragland, Dixon & Murphy, Cincinnati, for plaintiffs in error.

John W. Cowell, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The plaintiffs in error sought to introduce by way of defense, and as reflecting upon her character, the petition, answer

and cross-petition, and decree in a divorce action. It was alleged by her husband in such action that she was guilty of gross neglect of duty, in that she consorted with other men and neglected her household duties. The decree was granted the husband upon the charge of gross neglect of duty according to the allegations of the petition.

There was no evidence that anyone had heard of these proceedings or been influenced in their appraisal of the reputation of the defendant in error, so that the evidence if admissible was necessarily confined to its effect upon an evaluation of the character of defendant in error. The evidence was excluded. This is assigned as an error.

In her first cause of action defendant in error alleges that the arrest caused her "great humiliation, distress, and mental suffering," and in her second cause of action that the "malicious prosecution" "greatly injured her social standing and reputation," "caused her to suffer great mental agony and worry" and that this caused her to be nervous and sick permanently.

The character and reputation of the defendant in error was a direct issue in the case. It was presumed to be good. Evidence could have been introduced to show that it was not such and her humiliation, distress and mental suffering, mental agony and worry would have been consequently less, and therefore her damages would be affected accordingly.

The usual method of proving character, good or bad is by the testimony of witnesses, who know the subject and are able from such knowledge to say that in their opinion the character is good or bad. These witnesses are subject to cross-examination. The plaintiffs in error sought to prove character by the decree and pleadings in the divorce proceeding. The effect of such effort if successful would be to deprive the defendant in error of any privilege of cross-examining the witnesses upon whose testimony the decree was given. We have been cited to no authority in which a decree or judgment in a civil action has been considered as competent evidence to prove an issue involved in the case in which such decree or judgment is sought to be introduced as evidence, nor do we find any such authority, but on the contrary we find what we consider conclusive authority to the contrary.

In the case of Chantangco v Abaroa, 218 U. S., 476, it is stated in the syllabus:

"The general rule of the common law is that a judgment in a criminal proceeding cannot be read in evidence in a civil action to establish any fact there determined. The parties are not the same and different rules of evidence are applicable."

If the judgment in a criminal case, requiring proof beyond a reasonable doubt is not admissible, certainly the judgment in a civil action would not be. It is true that the judgment sought to be introduced in the Federal case was one of acquittal, but we think this is not the basis for the rule as is evidenced in Fleischmann Malting Co. v Mrkacek, 14 Fed. (2nd), 602, 604, where the judgment was one of conviction.

The issue in the divorce proceeding was that of gross neglect of duty. No such issue is herein involved. The decree cannot take the place of character witnesses. It is also well understoood to be the law that specific instances of improper conduct may not be put in evidence as indicative of bad character. What is the effect of the judgment of divorce other than a specific instance of improper conduct? Testimony of character and reputation must be limited to period reasonably close to the time involved. In the instant case the decree was entered April 11, 1930. The arrest took place on August 14, 1932, and the trial of the instant case was held February 28, 1933.

The evidence of the decree and pleadings in the divorce action were properly excluded.

Plaintiffs in error also find fault with the general charge, concerning which there was no request for amplification or addition. We find the charge to be free from affirmative error. The omissions claimed were not such as to affect the charge given to such an extent as to mislead the jury.

No error, prejudicial to the plaintiffs in error, being found in the record, the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.