13 F.Supp. 614 (1936)
UNITED STATES
v.
WARNER BROS. PICTURES, Inc., et al.
No. 11516.
District Court, E. D. Missouri, E. D.
January 7, 1936.
*615 Russell Hardy, Walter L. Rice, Harold L. Schilz, William R. Benham, and John F. Clagett, Sp. Assts. to Atty. Gen., and John Herberg, Sp. Atty., of Washington, D. C., for the United States.
James A. Reed, of Kansas City, Mo., Frederick H. Wood, of New York City, Sam B. Jeffries, Arthur E. Simpson, and Paul F. Plummer, all of St. Louis, Mo., and Robert W. Perkins and I. Levinson, both of New York City, for Warner group of defendants.
George S. Leisure, of New York City, Jacob M. Lashly and Russell H. Doerner, both of St. Louis, Mo., J. Howley, of New York City, and Ralstone R. Irvine, of Washington, D. C., for defendant RKO.
Samuel W. Fordyce and William R. Gentry, both of St. Louis, Mo., and Louis Phillips and Austin C. Keough, both of New York City, for defendant Paramount.
MOLYNEAUX, District Judge (after stating the facts as above).
It is not disputed by the government, and it cannot be disputed, that the doctrine of res judicata has application wherever: (1) The two actions or proceedings are between the same parties or their privies; (2) the same questions of fact or of law have been previously presented for the decision of a court having jurisdiction of *616 the subject-matter; (3) the issues presented have been finally determined by a court having jurisdiction of the subject-matter.
The defendants assert that all of those elements are here present, and that therefore the present proceeding is barred by the former acquittal of the defendants in the criminal case. The government urges that while the two proceedings involve the same parties, the question of fact presented in the criminal case is not that which is presented here. The government argues that the question in the criminal case was simply whether the jury could say that the defendants were guilty beyond a reasonable doubt, and that a verdict of acquittal was merely a finding that the defendants were not guilty beyond a reasonable doubt. It is asserted by the government that the verdict was not an affirmative finding that the conspiracy did not exist.
The defendants rely upon the case of Coffey v. United States, 116 U.S. 436, 6 S. Ct. 437, 29 L.Ed. 684, in which a prior acquittal on a criminal charge of failing to pay a tax levied upon distilled spirits with intent to defraud the United States was held to be a bar to a subsequent forfeiture proceeding for the seizure of the still used by the defendant. The doctrine of that case, in my opinion, is that the facts ascertained in a criminal prosecution, as between the United States and the defendant, cannot be again litigated between them as the basis of any statutory punishment denounced as a consequence of the existence of the same facts.
The cases of Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; and Chantangco v. Abaroa, 218 U.S. 476, 31 S.Ct. 34, 54 L.Ed. 1116, clearly establish the doctrine that an acquittal on a criminal charge is not a bar to a civil action instituted by the government and arising out of the same facts on which the criminal action was based.
The whole doctrine is stated in Stone v. United States, 167 U.S. 178, at page 186, 17 S.Ct. 778, 781, 42 L.Ed. 127, in which the case of Coffey v. United States is distinguished in the following words: "We are of opinion that the present case is not governed by the decision in Coffey v. United States. The judgment in that case was placed distinctly upon the ground that the facts ascertained in the criminal case, as between the United States and the claimant, could not be `again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts.' In the Coffey Case there was no claim of the United States to property, except as the result of forfeiture. In support of its conclusion the court referred to United States v. McKee, Fed.Cas. No. 15,688, 4 Dill. 128, observing that the decision in that case was put on the ground `that the defendant could not be twice punished for the same crime, and that the former conviction and judgment was a bar to the suit for the penalty.'" And again the court said in the Stone Case, 167 U.S. 178, at pages 187, 188, 17 S.Ct. 778, 781, 42 L.Ed. 127: "The present action is unlike that against Coffey. This is not a suit to recover a penalty to impose a punishment, or to declare a forfeiture. The only relief sought here is a judgment for the value of property wrongfully converted by the defendant. The proceeding by libel against Coffey, although civil in form, was penal in its nature, because it sought to have an adjudication of the forfeiture of his property for acts prohibited. * * * In the present case the action against Stone is purely civil. It depends entirely upon the ownership of certain personal property. The rule established in Coffey's Case can have no application in a civil case not involving any question of criminal intent, or of forfeiture for prohibited acts, but turning wholly upon an issue as to the ownership of property."
So, in the present case. It is a civil action arising out of the same statute as does the criminal action. Under the Sherman Act the United States may prosecute the defendants on the criminal charge and may also insist upon the civil remedy of injunction. The words used by the Supreme Court in Stone v. United States, 167 U.S. 178, at pages 188, 189, 17 S.Ct. 778, 782, 42 L.Ed. 127, are applicable: "In the original case his acquittal may have been due to the fact that the government failed to show beyond a reasonable doubt the existence of some fact essential to establish the offense charged, while the same evidence in a civil action brought to recover the value of the property illegally converted might have been sufficient to entitle the government to a verdict." And 167 U.S. 178, on page 189, 17 S.Ct. 778, 782, 42 L.Ed. 127: "We cannot agree that the failure or inability of the United States to prove in the criminal case that the defendant had been guilty of a crime either forfeited *617 its right of property in the timber, or its right in this civil action, upon a preponderance of proof, to recover the value of such property."
The case of Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967, is, in my opinion, the same in principle as the case at bar. There the defendant, an alien, was ordered deported from United States on the ground that he had brought a woman into the United States for immoral purposes. He applied for a writ of habeas corpus on the ground that he had been acquitted in a criminal proceeding in which he had been charged with the same offense. In holding that the criminal prosecution was not a bar to the deportation proceeding, the court said (233 U.S. 291, at page 302, 34 S.Ct. 488, 492, 58 L.Ed. 967): "The issue presented by the traverse of the indictment was not identical with the matter determined by the Secretary of Commerce and Labor. And, besides, the acquittal under the indictment was not equivalent to an affirmative finding of innocence, but merely to an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused."
The motions to dismiss the present proceeding, and for leave to file supplemental answers asserting the defense on the ground of res judicata, are denied.