## NATIONAL LABOR RELATIONS BOARD v. BELL OIL & GAS CO.

### No. 8712.

Circuit Court of Appeals, Fifth Circuit.
Sept. 13, 1938.

For former opinion, see 98 F.2d 406.

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, and David McCalmont, Jr., National Labor Relations Board, all of Washington, D. C., for petitioner.

C. J. Brannan and O. R. Tipps, both of Wichita Falls, Tex., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

We held in this case that the rules of evidence prevailing in courts of law and equity were not abolished by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. We adhere to this ruling, notwithstanding the provision that, in proceedings before the Board, such rules shall not be controlling. The Board is not a court, though it is quasi-judicial in character. It is a fact-finding tribunal with inquisitorial powers in labor controversies, similar to those of a grand jury in criminal cases. In the discretion of the agency conducting the hearing, any person may intervene and present testimony. The fact that incompetent evidence is heard does not invalidate an order of the Board, provided the findings upon which the order is based are supported by competent, relevant, and material evidence.

The statute says that the findings shall be conclusive if supported by evidence, but this is in paragraph (e), section 10, 29 U.S.C.A. § 160(e), which is dealing with the controversy after it has reached the judicial stage. The word "evidence" in this connection refers to the means by which any alleged matter of fact is established or disproved in a court of justice. That the evidence must be material is indicated in the very next sentence; that it must also be competent and relevant is the general rule which remains in effect in the absence of a legislative intent to the contrary. There is nothing in the act to indicate that the conclusion of the Board as to the fit and appropriate proof in the particular case should be conclusive.

It is elementary that questions respecting the competency and admissibility of evidence are entirely distinct from those which relate to its effect or sufficiency; the former being exclusively for the court, the latter exclusively for the jury. If the Board should base its findings solely upon evidence obtained by an unconstitutional search, the order resting thereon would be invalid, because such evidence is incompetent. Other illustrations might be given, but it is unnecessary to belabor the point.

The provision in paragraph (b), section 10, 29 U.S.C.A. § 160(b) with reference to the rules of evidence prevailing in courts of law and equity not being controlling, means that it is not error for the Board to hear incompetent evidence. It does not mean that a finding of fact may rest solely upon such evidence. Whether there be any competent evidence to support the findings of the Board is a question of law; whether it is sufficient is a question of fact. The decision of the Board upon a question of law is not conclusive in this court.

In one instance, in the case under review, the sole evidence to support an essential finding of the Board was the incompetent evidence quoted in our opinion. In the others, there was no substantial evidence to support essential findings. Therefore, as a matter of law, the order was deemed invalid.

The petition for a rehearing is denied.