HAL H. CLEMENTS, JR. AND JOHN J. DUNCAN, Petitioners,

*v.*

EDWARD A. PEARSON et al., Respondents.

352 S. W. 2d 236.

(*Knoxville*, September Term, 1961.)

Opinion filed December 8, 1961.

REUBEN H. NICHOLS, Knoxville, for petitioners.

MOON, HARRIS & DINEEN, Chattanooga, for respondents.

Mr. Justice Dyer delivered the opinion of the Court.

We granted certiorari in this case not because we thought there was any error in the Court of Appeals opinion but because we thought it advisable to emphasize the correctness of same.

This suit was commenced by Edward A. Pearson and Lloyd W. Pearson against Hal H. Clements, Jr., and John J. Duncan, as sureties on the statutory real estate bond of Z. H. Duncan, principal, to recover for alleged default of said Duncan in a real estate transaction.

The defendants filed a plea setting up that said Duncan had been prosecuted and convicted in the Criminal Court of Knox County for fraudulent breach of trust but on appeal to the Supreme Court the conviction had been reversed on the ground that the said Duncan was not acting as a real estate agent for the Pearsons, and a recommendation was made that the criminal prosecution be *nolle prossed.*

The Chancellor held that the aforesaid decision of the Supreme Court had held that the funds in question "belonged to Z. H. Duncan and monies which he had earned as compensation," and further "the Supreme Court case is the law of this case," and he dismissed the bill.

The Court of Appeals reversed the Chancellor and held that the principle of the "law of the case" has no appli-

cation in this sort of situation. It cited the comprehensive definition in Black's Law Dictionary, Third Edition, as follows:

"A ruling or decision once made in a particular case by an appellate court, while it may be overruled in other cases, is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review. A ruling or decision so made is said to be 'the law of the case'."

The Court of Appeals then cited *Akers v. Gillentine*, 33 Tenn.App. 212, 231 S.W.2d 372, *City of Chattanooga v. Rogers*, 201 Tenn. 403, 299 S.W.2d 660.

The Court of Appeals then held as follows: "If the Supreme Court had remanded this case to the lower court for retrial, such holding would have been the law of the case binding not only upon the trial court but upon the Supreme Court itself in the event of a second appeal. To this extent and to this extent alone such holding became the law of the case. It has absolutely no applicability to a civil suit between the parties and as a matter of fact a careful reading of the opinion in the case of *Duncan v. State*, supra, will show there is not the slightest intimation that Mr. Duncan would be entitled to receive and hold as his own all of the amounts paid to him by complainants Pearson on the trade. Or to state it differently, it was not held that he would be entitled to anything more than his $300 commission."

The two assignments of error are: (1) that the Court of Appeals erred in holding that the criminal case of

*Duncan v. State,* 202 Tenn. 431, 304 S.W.2d 625, which it is *alleged* involved the same parties, the same facts and the same subject matter as the case at bar did not establish the law of the case; and (2) the Court erred in holding that the law of the case is limited to a ruling made in the particular case and is not applicable to a subsequent suit between the same parties.

In 21 C.J.S. Courts sec. 195, p. 331, the following distinctions are made:

"The law of the case, res judicata, and stare decisis belong to the same family in that they have in view the termination of controverted questions of fact and law. The law of the case, however, is distingished from res judicata, in that the law of the case does not have the finality of the doctrine of res judicata, and applies only to the one case, whereas res judicata forecloses parties or privies in one case by what has been done in another case, although in its essence it is nothing more than a special and limited application of the doctrine of res judicata or former adjudication, and what is known as 'the law of the case', that is, the effect and conclusiveness of a former decision in the subsequent proceedings in the same case, has been generally put upon the ground of res judicata."

The fundamental error in petitioners' insistence, however, is that the parties in the criminal case and the civil case are not the same; that is one of the prime requisites of the application of the doctrine of res adjudicta, embracing the procedural rule of the "law of the case."

There are at least three cases in Tennessee where the differences between the civil case and the criminal case

are pointed out. In *Massey v. Taylor,* 45 Tenn. 447 (1868) a store clerk having been acquitted of a criminal charge of embezzlement sued to recover on a *quantum meruit* the value of his services up to the time of his discharge; the plea of the defendant store owners that they owed him nothing because of his embezzlement was met by a replication setting up his acquittal in the criminal trial. On appeal at pages 450-451 this Court said:

"The acquittal upon the indictment, is not entitled to any effect as evidence in the civil action, as an answer to the defense of embezzlement, or as tending to show that in fact the plaintiff did not commit the embezzlement."

In *Dyer County v. Railroad,* 87 Tenn. 712, 713, 11 S.W. 943, syllabus No. 5 states:

"Acquittal of the railroad company of the criminal charge of maintaining a nuisance in the public road at its crossing is not available, as res adjudicata, in a suit by the county to recover of the railroad company the costs of removing the obstruction constituting the nuisance."

Then in *Jamison v. Metropolitan Life Ins. Co.,* 24 Tenn. App. 398, 145 S.W.2d 553, it was held that a judgment of acquittal in a prosecution of the beneficiary of a life insurance policy for the murder of the insured was not res adjudicata of a subsequent civil action involving the right to the proceeds of the life policies.

In *Chantangco v. Abaroa,* 218 U.S. 476, 481, 31 S.Ct. 34, 35, 54 L.Ed. 1116, the rule is stated thus:

"The general rule of the common law is that a judgment in a criminal proceeding cannot be read in

evidence in a civil action to establish any fact there determined.''

The opinion further states that the parties are not the same nor are the rules of evidence the same. This opinion is by the former, late distinguished Tennessee Supreme Court Judge Lurton.

Therefore, it is perfectly clear that the Court of Appeals was correct.

The assignments of error are overruled and the judgment of the Court of Appeals affirmed; the case will be remanded as so ordered by the Court of Appeals.