**STRACHAN SHIPPING COMPANY and Texas Employers' Insurance Association, Plaintiffs,**

**v.**

**R. J. SHEA, Deputy Commissioner, and Lester Nehring, Defendants.**

**Civ. A. No. 67–H–666.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 8, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, Ed Bluestein, Jr., Houston, Tex., for plaintiffs.

Morton L. Susman, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for defendant, Deputy Commissioner.

W. Jiles Roberts, Houston, Tex., for defendant, Lester Nehring.

INGRAHAM, District Judge.

*Memorandum:*

This case is an appeal from an award of compensation benefits made by the defendant, R. J. Shea, Deputy Commissioner (hereinafter referred to as Commissioner), to the defendant, Lester Nehring, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. (hereinafter referred to as Longshoremen's Act). The plaintiffs in this suit are Strachan Shipping Company (hereinafter referred to as Strachan) and Texas Employers' Insurance Association (hereinafter referred to as "insurance carrier"). The case is now before the court on cross motions for summary judgment; the plaintiffs are seeking to have the Commissioner's award set aside, the defendants are seeking to have the award affirmed.

Relevant to the claims of the parties in this suit is the case of Nehring v. Empresa Lineas Maritimas Argentinas, Civ. No. 66–H–65. In the Empresa case, Nehring, as plaintiff, filed a suit for personal injuries against the vessel owner who impleaded the stevedore, Strachan, as a third party defendant. Nehring sought damages for an injury received while working on board the SS Rio Bermejo on or about January 9, 1964. The Empresa case was tried in this court before a jury beginning February 22, 1967. At the conclusion of the evidence, the case was submitted to the jury for their answers to special interrogatories. The jury did not find that the plaintiff sustained the injury of which he complained [1] and judgment was entered that Nehring (plaintiff) take nothing.

Following entry of judgment in Civ. No. 66–H–65, Nehring's claim for compensation under the Longshoremen's Act for the previously litigated injury came on for hearing. A formal hearing was convened before the Commissioner and

1. The controlling issue submitted to the jury in the Empresa case was as follows: "Interrogatory No. 1: Did the plaintiff, Lester Nehring, sustain an injury while working aboard the RIO BERMEJO on or about January 9, 1964?"
The jury answered: "No".

Strachan and the insurance carrier resisted the claim, asserting that the doctrine of res judicata and collateral estoppel applied because a jury in a judicial proceeding had previously found that Nehring did not suffer the injury for which he sought compensation. On August 21, 1967, the Commissioner, after a full hearing, found that Nehring did sustain an injury aboard the SS Rio Bermejo on January 9, 1964, and that the doctrines of collateral estoppel and res judicata were inapplicable. A compensation order and award was issued pursuant to the Commissioner's findings of fact and conclusions of law. This compensation order and award is now before this court for review.

■■ The pivotal question presented is whether the Commissioner erred in refusing to apply the doctrines of res judicata and collateral estoppel. The Commissioner's decision that the doctrines of res judicata and collateral estoppel were not applicable is a conclusion of law. Unlike fact findings, an administrative determination of a question of law does not have any presumption of correctness resulting from the substantial evidence rule and must be closely scrutinized. An administrative agency's determination of law may be entitled to some weight or special consideration but it is not conclusive.[2] In the instant case the Commissioner has failed to set forth the basis for his determination that collateral estoppel and res judicata are inapplicable, thus, the court will consider the question as if it were presented here *ab initio.* Cf. S.E.C. v. Chenery Corp., 318 U.S. supra note 2 at 94–95, 63 S.Ct. 454, 87 L.Ed. 626.

Like the parties, the court has not discovered any cases where the exact question presented here was decided. The plaintiffs have cited Chicago Grain Trimmers Assn., Inc. v. Enos, 369 F.2d 344 (7 CA 1966), in support of the proposition that the doctrines of res judicata

and collateral estoppel are binding on an administrative agency under the facts of this case. The case is distinguishable from the facts here because the question was whether a prior administrative determination was res judicata and barred a subsequent claim presented to the same administrative tribunal. Likewise, Shea v. Texas Employers' Insurance Assn., 5 CA, Aug. 29, 1967, 383 F.2d 16, cited by the plaintiffs is inapposite. The decision in that case is not based on the application of the doctrines of res judicata or collateral estoppel, but on an interpretation of a portion of the Longshoremen's Act dealing with prior recovery of benefits for the same injury pursuant to a state compensation plan. The defendants place reliance on Teichman v. Loffland Bros. Co., 294 F.2d 175 (5 CA 1961), cert. denied, 368 U.S. 948, 82 S.Ct. 388, 7 L.Ed.2d 343, in which the facts were nearly identical with those in this case. Unfortunately the case is not the panacea which it appears to be because the alleged injury considered by the jury was not the same injury as the one for which the Commissioner granted compensation. The decision of the court was not based on a finding that the doctrines of res judicata and collateral estoppel were inapplicable.

■ This court is of the opinion that the jury fact findings in Nehring v. Empresa Lineas Maritimas Argentinas, *supra,* were not binding on the Commissioner in a subsequent claim by Nehring for compensation for the same injury. This conclusion is based on the variance in the standards of proof required to establish the facts before a jury and before the Commissioner. In the former, the facts are found from a preponderance of the credible evidence, in the latter, the congressional intent was to allow a Commissioner to make findings of fact which may be based on a less stringent standard.

**2.** Levinson v. Spector Motor Co., 330 U.S. 649, 672, 67 S.Ct. 931, 91 L.Ed. 1158 (1947); S.E.C. v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626

(1943); Folsom v. Pearsall, 245 F.2d 562 (9 CA 1957); N.L.R.B. v. Bell Oil & Gas Co., 98 F.2d 870 (5 CA 1938).

■ The Longshoremen's Act itself sets no standard of proof which a Commissioner must be guided by in making findings of fact. However, the Administrative Procedure Act, 5 U.S.C. § 551 et seq., (formerly 5 U.S.C. § 1001 et seq.), is applicable to hearings held by the Commissioner pursuant to the Longshoremen's Act[3] and 5 U.S.C. § 556(d) (formerly 5 U.S.C. § 1006(c)) provides as follows:

"Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof. Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. *A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence.* * * * " (Emphasis added)

The use by Congress of the words, "reliable, probative, and substantial evidence" illustrate that the standard of proof to be applied by a hearing examiner is something other than a preponderance of the evidence. The "substantial evidence" referred to in 5 U.S.C. § 556 upon which a hearing examiner must base his findings has been equated to the "substantial evidence" required by a reviewing court in affirming the findings of an agency hearing examiner. John W. McGrath Corp. v. Hughes, 264 F.2d 314 (2 CA 1959), cert. denied, 360 U.S. 931, 79 S.Ct. 1451, 3 L.Ed.2d 1545. In the McGrath case, at page 316, the court says:

"5 U.S.C.A. §§ 1006, 1009, define our scope of review in cases such as this, * * *. They provide that no administrative order should be issued unless it is supported by 'substantial evidence.' Evidence is 'substantial' if it is the kind of evidence a reasonable mind might accept as adequate to support a conclusion."

The court in McGrath is saying in essence that a hearing examiner's findings must be based on "substantial evidence" and then proceeds to define substantial evidence. It is obvious from the definition that "substantial evidence" is different from and less stringent than "a preponderance of the evidence". In Pacific Gas & Electric Co. v. S.E.C.,[4] the court considered a petition to review an order of the Securities and Exchange Commission. Using reasoning which is applicable to the present case, the court stated that the sole restraining rule on the Commission in its fact finding was that the facts be supported by substantial evidence *even though it may not be a preponderance of the evidence.* Further support for the conclusion that the standard of proof applied by an agency hearing examiner is less stringent than a "preponderance of evidence" is found in United States ex rel. Dong Wing Ott v. Shaughnessy, 116 F.Supp. 745 (S.D.N.Y. 1953), aff'd per curiam, 245 F.2d 875 (2 CA 1957). The court in the Shaughnessy case characterizes the standard of proof required to support the findings of fact of an administrative agency as "a residuum of legal evidence". See also United States Health Club, Inc. v. Major, 182 F.Supp. 759 (D.N.J.1960), rev'd on other grounds, 292 F.2d 665 (3 CA 1961), cert. denied, 368 U.S. 896, 82 S.Ct. 172, 7 L.Ed.2d 92. Another significant difference between a jury or a court sitting as a fact finder and the Commissioner in this case is the administrative

3. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Voris v. Texas Employers' Insurance Assn., 190 F.2d 929 (5 CA 1951); Strachan Shipping Co. v. Calbeck, 190 F.Supp. 255 (S.D.Tex.1961), aff'd, 306 F.2d 693 (5 CA 1962), cert. denied, 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed.2d 978 (1963).

4. 127 F.2d 378 (9 CA 1942), aff'd on rehearing, 139 F.2d 298 (9 CA 1943), aff'd by an equally divided court, 324 U.S. 826, 65 S.Ct. 855, 89 L.Ed. 1394 (1945).

policy which places the burden of possible error on those best able to bear it, in this case the employer and insurance carrier. Thus, in a hearing before the Commissioner, all doubtful questions of fact are resolved in favor of the claimant,[5] whereas no such presumption is available to a jury operating under a preponderance of evidence standard.

■ From the discussion above, the court concludes that there is a difference in the degree of proof required to establish facts before the Commissioner as opposed to the degree of proof required to establish facts before a jury. Because of this difference in the degree of proof, a factual determination by the jury can afford no basis for the application of the doctrines of res judicata or collateral estoppel in subsequent proceedings before the Commissioner.[6] The doctrines of collateral estoppel and res judicata must be confined to circumstances where the fact issue raised in the second proceeding is identical in all respects *and the applicable legal rules remain unchanged.* Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Parker v. Westover, 221 F.2d 603 (9 CA 1955); Bush v. Commissioner of Internal Revenue, 175 F.2d 391 (2 CA 1949).

■ The court finds that the Commissioner properly declined to apply the doctrines of collateral estoppel or res judicata and further finds from the record that there is substantial evidence supporting the Commissioner's determination of facts, including the fact that the claimant suffered the injury for which he seeks compensation.

The compensation order and award will be affirmed. The clerk will notify counsel to draft and submit a judgment accordingly.

5. Friend v. Britton, 95 U.S.App.D.C. 139, 220 F.2d 820 (1955), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 745; F. H. McGraw & Co. v. Lowe, 145 F.2d 886 (2 CA 1944); Hartford Accident & Indemnity Co. v. Cardillo, 72 U.S.App. D.C. 52, 112 F.2d 11 (1940), cert. denied, 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415, Accord, Baltimore & Phila. Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366 (1932).

6. By analogous reasoning, it is well established that an adjudication of a fact in a civil proceeding can afford no basis for the application of the doctrine of res judicata or collateral estoppel in a criminal proceeding because of the difference in the degree of proof Helvering v. Mitchell, 303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917 (1938); Chantangco v. Abaroa, 218 U.S. 476, 481, 31 S.Ct. 34, 54 L.Ed. 1116 (1910); United States v. Konovsky, 202 F.2d 721 (7 CA 1953).