# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION



**FILED**

December 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9711-CR-00538 |
| Appellee, | ) |
| | ) Davidson County |
| V. | ) |
| | ) Honorable Walter C. Kurtz, Judge |
| | ) |
| **JAMES THOMAS JEFFERSON,** | ) (Resentencing: First Degree Murder) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Karl F. Dean
Metro Public Defender

Jeffrey A. DeVasher
Assistant Public Defender
1202 Stahlman Building
Nashville, TN 37201

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy Behan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. (Torry) Johnson III
District Attorney General

Roger Moore
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

The defendant was convicted by a jury of first degree premeditated murder; the same jury simultaneously sentenced him to forty years incarceration. On direct appeal this Court affirmed the defendant's conviction but remanded the matter for resentencing. See State v. Jefferson, 938 S.W.2d 1, 23 (Tenn. Crim. App. 1996). On remand the defendant was sentenced by a jury to life imprisonment. In this direct appeal the defendant contends that the trial court erred when it 1) denied his motion to impanel a jury to determine his guilt or innocence; 2) admitted into evidence the minute entry from the prior trial which showed the jury's verdict of guilty but from which had been redacted its imposition of the forty year sentence; and 3) instructed the jury that the only sentence it could impose was life imprisonment. Finding no merit in these complaints, we affirm the judgment of the trial court.

The defendant first contends that because this Court previously found the convicting jury's verdict "void," he is entitled to a new trial on the issue of his guilt or innocence. He argues, "Since the jury at [his] 1993 trial was exposed to inaccurate sentencing information, its verdict as to both guilt and innocence is void." We disagree. In the initial direct appeal of this matter this Court held as follows:

> In this case, the verdict returned by the jury was void because the punishment set by the jury was below the minimum punishment for the offense of murder in the first degree. The trial court did not have the authority to change the jury's verdict from forty (40) years to confinement for life in the Department of Correction. Since the jury found the appellant guilty of premeditated murder and the evidence contained in the record supports the verdict, the verdict of the jury finding the appellant guilty of premeditated murder is affirmed. However, this case must be remanded to the trial court for a new sentencing hearing.

Jefferson, 938 S.W.2d at 23 (footnote omitted). Prior to so holding this Court noted, but obviously declined to adopt, the defendant's argument that "if the punishment was below the minimum punishment for murder in the first degree, .

. . the judgment of the trial court [should be reversed] and remand[ed] for a new trial." Id. at 20.  Clearly, then, this Court has already decided that the convicting jury's verdict is not void in its entirety but only as to sentencing.  Significantly, our Supreme Court denied the defendant's application for permission to appeal from this decision.

On resentencing, the trial court denied the defendant's motion for a jury to determine his guilt or innocence on the basis of the judicial doctrine of "the law of the case."  The trial court was correct.  As noted by our Supreme Court in Clements v. Pearson,

> 'A ruling or decision once made in a particular case
> by an appellate court, while it may be overruled in
> other cases, is binding and conclusive both upon the
> inferior court in any further steps or proceedings in
> the same litigation and upon the appellate court itself
> in any subsequent appeal or other proceeding for
> review.  A ruling or decision so made is said to be
> "the law of the case." '

352 S.W.2d 236, 237 (Tenn. 1961) (quoting Black's Law Dictionary, Third Ed.). The doctrine applies to issues that were actually before the court as well as to issues that were necessarily decided by implication, see Ladd v. Honda Motor Co., 939 S.W.2d 83, 90 (Tenn. App. 1996), and it applies to decisions that the Supreme Court has declined to review.  Id. at 91.  Clearly the doctrine applies here and this issue is therefore without merit.

The defendant next complains about the minute entry of the convicting jury's verdict admitted into evidence at the resentencing.  Upon the state's motion and over the defendant's objection, the trial court ruled that the minute entry should have redacted from it the jury's assessment of the defendant's punishment at "forty years in the penitentiary."  The defendant claims that the redacted document misled the sentencing jury and "falsely indicated" to it that the convicting jury had not earlier sentenced the defendant.  We are unpersuaded.  The convicting jury's sentence of the defendant was clearly

-3-

irrelevant in the context of his resentencing. "Evidence which is not relevant is not admissible." Tenn. R. Evid. 402. The only evidence of the prior jury's action which was relevant in the context of the resentencing proceeding was its verdict of guilt. The redacted minute entry accurately reflected that information. This issue is without merit.

Finally, the defendant contends that the trial court erred when it instructed the jury, "The sentence for murder in the first degree is the sentence of life imprisonment." We disagree and return to this Court's earlier opinion in this matter: "In summary, this Court is bound by the Supreme Court's decision in Miller [v. State, 584 S.W.2d 758 (Tenn. 1979),] that the only possible punishment for first degree murder is life imprisonment." See Jefferson, 938 S.W.2d at 21. Thus, the trial court did not err in so instructing the resentencing jury. This issue is without merit.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge