HALL, Judge.
The state was granted a suspensive appeal from a judgment of the district court denying the state’s petition under LSA-R.S. 32:1550 for forfeiture of an automobile allegedly used in a commercial drug transaction. The defendant, owner of the automobile, was charged with one count of distribution of marijuana but had not yet been tried at the date of the forfeiture hearing.
A judgment denying a petition for forfeiture of contraband is not an appeala-ble judgment. State v. Cook, 460 So.2d 1075 (La.App. 2d Cir.1984). The appropriate method of appellate review is by application for a writ of review. Accordingly, the state’s appeal is dismissed.
We elect, however, to treat the appeal as an application for a writ of review.
The state and the defendant stipulated that the presumption of LSA-R.S. 32:1550 C.(4) should apply as if the defendant had been acquitted or the charges dismissed, requiring denial of the forfeiture “unless compelling reasons for such forfeiture is shown by clear and convincing evidence.” [1] After hearing, the trial court *876 found no compelling reasons and denied the forfeiture. We find no error in the trial court’s judgment.
The statute appears to contemplate forfeiture after disposition of the criminal charges against the defendant since it requires consideration of an acquittal or dismissal of the criminal charges in a forfeiture proceeding. See State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977) which held that the failure of a predecessor forfeiture statute to require criminal conviction before forfeiture to be a major statutory infirmity, and State v. Manuel, 426 So.2d 140 (La.1983) which held that the defects of the prior statute were cured by the current statute. We question whether the state and a defendant, in order to obtain a pre-conviction or pre-acquittal hearing and determination of the forfeiture proceeding, can stipulate the applicability of the Section 1550 C.(4) presumption in advance of actual disposition of the criminal charges.
In any event, the trial court did not err in this case in determining that the state failed to establish a compelling reason for forfeiture by clear and convincing evidence. The state contends that protection of the interest of a foreclosing chattel mortgage holder presented a compelling reason for the forfeiture. This does not appear to be the kind of compelling reason contemplated by the statute and, further, we are unable to perceive how the mortgage holder would be benefited by forfeiture as opposed to denial of forfeiture. The state further contends that possible future use of the automobile in drug trafficking is a compelling reason for forfeiture. There was no showing of any special circumstances about this case to warrant a finding of compelling reasons beyond those present in any forfeiture proceeding of this nature. Accordingly, the writ application is denied.
Appeal dismissed and writ application denied.

. LSA-R.S. 32:1550 C.(4):
In any forfeiture proceeding under this Chapter if the owner of the subject property is acquitted of criminal charges for the violation of any provision of the Uniform Controlled Dangerous Substances Law, or if such charges against the owner are dismissed, the court shall consider such acquittal or dismissal in the forfeiture proceeding. An acquittal or dismissal shall create a rebuttable presumption that the subject proper *876 ty shall not be forfeited, unless a compelling reason for such forfeiture is shown by clear and convincing evidence.