DOMENGEAUX, Judge.
Defendant, Norman Spooner, was charged by bill of information with and pleaded guilty to four counts of possession of a controlled dangerous substance in violation of La.R.S. 40:967(C), 40:968, and 40:969. He was sentenced to four years on each count. Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), defendant pled guilty to each offense while reserving his right to appeal the legality of an automobile search. Defendant now seeks an appeal from the trial court’s denial of his motion to suppress.
At the hearing on the motion to suppress, Trooper Havens testified that on September 28,1985, he noticed a car travel-ling on Interstate 10 with an expired California license plate. When the officer stopped the car, the driver identified himself as Ernest Narcisse and claimed that he had not been aware of the expired tags because the car belonged to a Norman Spooner. According to the officer the driver appeared nervous and stated that the registration papers were in the possession of Mrs. Spooner and explained that the Spooners had asked him to drive the car to California from Mississippi because they had to return immediately to California for a family funeral and could not drive the car themselves.
The officer testified that he found parts of the story inconsistent and felt that it was necessary to search the car to complete his duties as to the traffic stop. The officer further testified that he was given permission by the defendant to search the car, read the defendant a voluntary consent to search form, and advised him that he had the right to refuse to consent to the search. The officer stated that if the defendant had not granted him permission to search the car, he would have allowed the defendant to continue traveling. According to the officer, before commencing the search he called for a backup because the defendant appeared nervous. Officer Havens testified that when Officer Shields arrived the defendant agreed to permit both officers to conduct the search. Officer Shields stated when he arrived the consent form had already been signed. Officer Havens proceeded to search the trunk while Shields searched the interior of the car. When Shields found a driver’s license with the defendant’s picture identifying him as Spooner, the driver admitted that his name was Spooner, not Narcisse. In the trunk Officer Havens found controlled dangerous substances.
Norman Spooner testified that when he informed the officer of his desire not to have the search conducted, the officer replied that if Spooner did not cooperate, he would “tear up” the car. He stated that he signed the consent form because he was afraid. The defendant further testified *258 that the officer did not read the form to him and did not inform him of his right to refuse permission to search. He explained that he had used the name Narcisse because his license in the name of Spooner had expired. After the above evidence was presented, the trial judge found that on the basis of the expired license plate, Officer Havens had probable cause to doubt the defendant and stated as follows:
“ ... And after hearing Mr. Spooner’s testimony, it is now apparent to me what you were confronted with at the scene, which is a continual lie after lie after lie, which creates a very large suspicion of criminal conduct in the mind of the officer. Once that was created, then it was only proper for the officer to determine whether the vehicle had been either stolen or was improperly in Mr. Spooner’s possession, and a request to search the vehicle to make that determination was proper. I find that Mr. Spooner is lying when he says he did not give permission to search the vehicle. I believe that the permission was proper. The search was conducted in an effort to determine just what in the world Mr. Spooner/Narcisse was doing with the vehicle; and for that reason, any evidence found during that search is legally seized. And I find that the motion to suppress should be denied.”
The trial judge thus found that the defendant had consented to the search and denied the motion to suppress.
ASSIGNMENT OF ERROR
In this assignment of error the defendant claims that the trial court erred in denying the motion to suppress. He alleges that this consent was not voluntary and that, therefore, the search was illegal. He asserts that the officer did not inform him of his right to refuse to sign the form and intimidated him into consenting.
State v. Richardson, 459 So.2d 31, at 35-36 (La.App. 1st Cir.1984) described consent searches as follows:
“One of the specifically established exceptions to the requirements of both a search warrant and probable cause is a search conducted pursuant to consent. When the state seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving that the consent was given freely and voluntarily. State v. Ossey, 446 So.2d 280 (La.1984). Voluntariness is a question of fact to be determined by the trial judge under the facts and circumstances surrounding each case.
Because consent is a question of fact involving credibility of the witnesses, the determination of the trial judge, who had an opportunity to observe and hear the witnesses, is given great weight on review. Id.; State v. MacDonald, 390 So.2d 1276 (La.1980); State v. Wright, 441 So.2d 1301 (La.App. 1st Cir.1983).”
As the reasons for judgment indicate, the trial judge did not find Spooner's testimony credible but rather found the officer’s believable. A review of the record does not show his determination of credibility to be an abuse of discretion and it is not clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). According to the officers, the defendant freely and voluntarily consented to the search after being informed of his right to refuse consent to such a search. This assignment of error, therefore, lacks merit.
For the above and foregoing reasons the defendant’s conviction is affirmed.
AFFIRMED.