GUIDRY, Judge.
After a traffic stop on Interstate 10, State Troopers obtained a consent form from defendant, Norman J. Spooner, authorizing a search of his automobile. Among other items, police found a scale set, with residue of cocaine and assorted pills, some of which were controlled dangerous substances. In addition, approximately $1,500.00 was found on Spooner’s person. Defendant pled guilty to possession of four varieties of controlled dangerous substances with a Crosby reservation as to the legality of the search.[1] Subsequently, the State filed a motion to forfeit defendant’s car and money and defendant filed a motion to release all seized property.
After a hearing, the trial court ordered the car and money forfeited. Defendant gave notice of his intent to file a writ application to this court, which application was timely filed. This court denied Spoon-er’s application. Thereafter, our decision was reversed by the Louisiana Supreme Court which ordered a remand of this matter for briefing, argument, and opinion (No. 86-KK-2066), 497 So.2d 1007.
In his application for review, Spooner raises two issues:
1. Whether La.R.S. 32:1550 A. (7)(c) unconstitutionally shifts the burden of proof to defendant.
2. Whether the State met its burden of proving that the contraband was valued in excess of $500.00 or was intended for commercial sale.
ISSUE NO. 1
The following are the pertinent parts of La.R.S. 32:1550:
“A. The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
(1) All controlled dangerous substances which have been produced, manufactured, distributed, dispensed, or acquired in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled dangerous substances in violation *232 of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(3) All cash which is used, or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of property described in Paragraphs (1) and (2) of this Subsection.
(4) All property which is used, or intended for use, as a container for property described in Paragraphs (1) and (2) of this Subsection.
[[Image here]]
(7)(a) Anything of value furnished, intended to be furnished, or acquired in exchange for a controlled "dangerous substance in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, including but not limited to, all proceeds of property traceable to such an exchange and all moneys, negotiable instruments, property, and securities used, or intended to be used, to facilitate such violation or acquired from the proceeds of such violation.
(b) No property shall be forfeited hereunder to the extent of the interest of an owner or security interest holder by reason of any act or omission established by him to have been committed or omitted without his knowledge or consent.
(c) There shall be a rebuttable presumption that all moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances or contraband manufacturing or distributing paraphernalia or records of the illegal importation, manufacture, or distribution of controlled dangerous substances, are contraband as defined herein. The burden of proof shall be upon claimants of such property to rebut this presumption by clear and convincing evidence.
C. Except as provided in Paragraph (4) of this Subsection, property seized under this Chapter shall be forfeited in a hearing instituted by the district attorney upon: ...
(3) A showing by the district attorney that the value of the contraband was in excess of five hundred dollars or that the contraband was intended for commercial sale.”
The trial judge, in ordering a forfeiture, stated:
“I believe the State has carried its burden of proving that the seizure was constitutional and that the owner — that is everything that was seized — and that the owner of the vehicle knowingly and intentionally used this vehicle in the transportation of the contraband and for the use and facilitation of the commercial sale of the C.D.S. I think the State has carried its burden of proving beyond a reasonable doubt that the contraband was intended for commercial sale. The money was seized, as I’ve indicated, incident to a valid arrest and it was found in close proximity to the contraband C.D.S. and the distributing paraphernalia and records of the illegal distribution of the C.D.S. ... The legislature recognized the difficulty of the State trying to prove that cash was being used for that illegal purpose, so it enacted this provision giving the State the benefit of this presumption in laying the burden upon the defendant to prove by clear and convincing evidence that this money was not for that purpose. I am aware of, of course, the various cases that have held that the State is not entitled to the benefit of any statutory presumptions created in the attempt to prove an element of an offense, an element of a crime. I’m not aware of any cases that hold that that constitutionally prohibited presumption should apply to a case of forfeiture which is not a criminal proceeding. Granted it is a quasi-criminal proceeding, but I’m not aware of any cases that prohibit, constitutionally prohibit, the use of presumption in a case such as this. I don’t think it should be constitutionally prohibited.”
Appellant contends that a forfeiture proceeding is criminal in nature and the presumption raised by § 1550(A)(7)(c) being a mandatory one, the cited section is unconstitutional on its face. State v. Lindsey, *233 491 So.2d 371 (La.1986). In support of this argument, defendant points out that in State v. Manuel, 426 So.2d 140 (La.1983), the Louisiana Supreme Court refers to a forfeiture proceeding as quasi-criminal in character and concluded that in such a proceeding the State is required to prove the grounds for forfeiture beyond a reasonable doubt. From this premise, defendant argues that since, under Manuel, supra, the State must prove each element of its case beyond a reasonable doubt, La.R.S. 32:1550A(7)(c) unconstitutionally shifts the burden of proof to defendant.
We concede, as we must, that in Manuel, supra, there is language to the effect that in forfeiture proceedings the State must prove each element of its case beyond a reasonable doubt, however, a close reading of the opinion indicates that such statements were dictum as the proceeding under review was a pre-trial proceeding and the precise issue of the burden of proof required of the State in forfeiture proceedings was not before the court. For this reason, we do not consider Manuel, supra, as setting forth a firm adjudication of this issue which we are required to follow.
At the outset we observe that in Manuel, supra, our Supreme Court designates a forfeiture proceeding as “quasi-criminal in character”. The legislature in La.R.S. 32:1551 designates all proceedings for forfeiture as “in rem proceedings”. The whole body of federal statutory and jurisprudential law recognize forfeiture proceedings as civil in rem remedial sanctions, quasi-criminal in nature, which do not require the wide range of constitutional protections required in criminal cases.
A 1974 federal district court case arising in the western district of Texas, U.S. v. One 1973 Volvo, 377 F.Supp. 810 (1974), states:
“Libelant has instituted this suit to forfeit a 1973 blue Volvo owned by the claimant, Alyse Rawland. Libelant alleges that the vehicle in question was used to facilitate a marijuana importation conspiracy entered into by the claimant and others to import marijuana into the United States from Mexico. Authority for the forfeiture is based on 49 U.S.C. § 781, 21 U.S.C. § 881, and 19 U.S.C. § 1595a.
In a forfeiture proceeding the libelant must show probable cause for instituting suit. United States v. Gramling, 180 F.2d 498 (5th Cir.1950). Probable cause must be something more than mere suspicion and must be generally regarded as reasonable under all the circumstances. Bush v. United States, 389 F.2d 485 (5th Cir.1968). Once probable cause has been shown, a case has been made for forfeiture, and the claimant then has the burden to prove the forfeiture is not within the statute. 389 F.2d at 489.” (Emphasis ours).
In U.S. v. One 1970 Pontiac GTO, 529 F.2d 65 (1976), the Ninth Circuit addressed a constitutional attack on certain forfeiture statutes stating:
“Appellant’s constitutional attack on 21 U.S.C. § 881 and 19 U.S.C. § 1615 is mounted on the premise that forfeiture statutes are essentially criminal; therefore, the shifting of the burden of proof to the claimant denies him due process. Forfeiture statutes are deemed criminal for the purpose of protecting rights secured by the Fourth and Fifth Amendments (Boyd v. United States (1886) 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746), but they are predominantly civil. Despite some dicta attacking their civil characterization (United States v. United States Coin and Currency (1971) 401 U.S. 715, 719-20, 91 S.Ct. 1041 [1043-44], 28 L.Ed.2d 434), the Supreme Court has firmly refused to broaden the criminal aspect of forfeiture so as to encompass a wider range of constitutional protections. (Calero-Toledo v. Pearson Yacht Leasing Co. (1974) 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452; One Lot Emerald Cut Stones and One Ring v. United States (1972) 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438. Accord: Bramble v. Richardson (10th Cir.1974) 498 F.2d 968; United States v. Mendoza (5th Cir.1973) 473 F.2d 692.) Accordingly, we conclude that the challenged forfeiture statutes are not criminal enough to prevent Con *234 gress from imposing the burden of proof on the claimant, and we uphold the constitutionality of 21 U.S.C. § 881 and 19 U.S.C. § 1615.”
Then in 1982 the Second Circuit, in discussing the burden of proof and the nature of the “penalty” in a forfeiture proceeding, explained in U.S. v. $2,500 in United States Currency, 689 F.2d 10 (2d Cir.1982):
“Subsection 881(a)(6) of title 21 provides for the forfeiture of ‘moneys ... furnished or intended to be furnished ... in exchange for [an illicit] controlled substance.’ 21 U.S.C. § 881(a)(6) (Supp. IV 1978). Section 881(d) directs that the proceedings to forfeit such property shall be conducted in accordance with the “law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws.” 21 U.S.C. § 881(d) (1976 & Supp. Ill 1979). The applicable customs statute states that ‘the burden of proof shall lie upon [the] ... claimant ... Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court.’ 19 U.S.C. § 1615 (1976). Aponte contends that this allocation of the burden of proof violates due process because forfeiture under 21 U.S.C. § 881(a)(6) constitutes criminal punishment. See generally In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (requiring proof of guilt beyond a reasonable doubt in criminal proceedings). This argument has been rejected by the Tenth Circuit, Bramble v. Richardson, 498 F.2d 968 (10th Cir.), cert, denied, 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974). We reject it as well.
It is clear that Congress may impose both a criminal and civil sanction for the same conduct. Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917, 922 (1938). The question whether subsection 881(a)(6) imposes a criminal or civil sanction is primarily a matter of statutory construction. Id.
[[Image here]]
Although the cases cited by appellant do indeed note functional similarities between criminal and forfeiture proceedings, especially those predicated on findings of criminal violations, and do impose on forfeiture proceedings certain procedural protections rooted in the fourth and fifth amendments, they do not obliterate the differences between forfeitures and criminal sanctions, do not make all incidents of criminal procedure applicable to forfeiture proceedings, and do not impose the beyond reasonable doubt standard in forfeiture proceedings. United States v. Regan, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914), emphatically so held with the observation that these questions had ‘been so often considered by [the Supreme Court] that our present duty ... is chiefly that of applying settled rules of decision.’ Id. at 41, 34 S.Ct. at 214, 58 L.Ed. at 496. Cf. Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909) (directed verdict permissible in action to enforce a penalty).”
(Emphasis ours).
The Third Circuit followed suit in 1984 when in U.S. v. $55,518.05 in United States Currency, 728 F.2d 192 (1984), the court stated:
“... In a forfeiture action brought under 21 U.S.C. § 881(a)(6) the government bears the initial burden of showing probable cause to believe that the property in question was intended to be used for the purpose of acquiring a controlled substance. United States v. $2,500 in United States Currency, 689 F.2d 10, 12 (2d Cir.1982); United States v. $83,320 in United States Currency, 682 F.2d 573, 576-77 (6th Cir.1982). Once the government establishes probable cause the burden of proof shifts to the defendant to show that the property was not to be used for this purpose. Id. ... ”
The United States Supreme Court in U.S. v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), had occasion to review forfeitures as sanctions. The court proceeded thusly:
“In Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), the Court considered the preclusive effect of *235 a prior criminal acquittal on a subsequent action for a monetary penalty.
[[Image here]]
When the Commissioner of Internal Revenue ... brought an action to recover a substantial monetary penalty for fraudulent avoidance of income tax, the taxpayer argued that the subsequent penalty action was barred by res judica-ta, collateral estoppel, and the Coffey rule of preclusion. [Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed.2d 684]
This Court, speaking through Justice Brandéis, disagreed. Although the taxpayer argued and the Government conceded that the factual matters at issue in the penalty proceeding had been litigated and determined in the prior criminal action, the Court concluded that ‘[t]he difference in degree in the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata.’ Id., at 397, 58 S.Ct., at 632. The Mitchell Court viewed the criminal acquittal as nothing more than a determination that the evidence in the criminal setting was not sufficient to overcome all reasonable doubt that the accused was guilty. See Lewis v. Frick, 233 U.S. 291, 302, 34 S.Ct. 488, 492, 58 L.Ed. 967 (1914). The Court went on to state:
‘That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. Stone v. United States, 167 U.S. 178, 188 [17 S.Ct. 778, 782, 42 L.Ed. 127]; Murphy v. United States, 272 U.S. 630, 631, 632 [47 S.Ct. 218, 71 L.Ed. 446]. Compare Chantangco v. Abaroa, 218 U.S. 476, 480, 481, 482 [31 S.Ct. 34, 35, 54 L.Ed. 1116].’ Helvering v. Mitchell, supra, 303 U.S., at 397-398, 58 S.Ct., at 632 (footnote omitted).
In concluding that the monetary penalty was merely a remedial civil sanction authorized by Congress to be assessed at the discretion of those administering the tax law, the Court observed that forfeiture of goods or their value and the payment of fixed or variable sums of money are sanctions that have long been recognized as enforceable by civil proceedings. Id., at 400, 58 S.Ct., at 633.
... The Mitchell Court concluded that the monetary penalty imposed by the revenue laws was a civil administrative sanction; it therefore found Coffey no obstacle to the recovery of the penalty from the taxpayer. Id., 303 U.S., at 405-406, 58 S.Ct, at 636.
Most recently, in One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam), the Court held that a civil action for forfeiture of a ring and stones was not barred by the owner’s prior acquittal on charges of willfully and knowingly, with intent to defraud the United States, smuggling articles into the United States without complying with customs procedures. Reaffirming the principles articulated in Helvering v. Mitchell, supra, the Court reasoned that the difference between the burdens of proof in the criminal and civil cases precluded the application of the doctrine of collateral estoppel. Double jeopardy was equally inapposite, the Court continued, because the forfeiture asserted against the ring and stones was a civil, not a criminal, sanction.
The question, then, is whether a § 924(d) forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial. Resolution of this question begins as a matter of statutory interpretation. Id., [303 U.S.] at 399, 58 S.Ct., at 633. As the Court noted in United States v. Ward, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980):
‘Our inquiry in this regard has traditionally proceeded on two levels. First, we have set out to determine whether Congress, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. See One Lot Emerald Cut Stones v. United States, supra [409 U.S.], at 236-237 [93 S.Ct., at 492-93]. Second, where Congress *236 has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. See Flemming v. Nestor, 363 U.S. 603, 617-621 [80 S.Ct. 1367, 1376-78, 4 L.Ed.2d 1435] (1960).’ ...
In short, an analysis of the Mendoza-Martinez factors [Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 664] in no way undermines Congress’ classification of the § 924(d) forfeiture action as a civil sanction. Mulca-hey has failed to establish by the ‘clearest proof’ that Congress has provided a sanction so punitive as to ‘transform] what was clearly intended as a civil remedy into a criminal penalty.’ Rex Trailer Co. v. United States, 350 U.S. 148, 154, 76 S.Ct. 219, 222, 100 L.Ed. 149 (1956). We accordingly conclude that the forfeiture mechanism set forth in § 924(d) is not an additional penalty for the commission of a criminal act, but rather a separate civil sanction, remedial in nature.”
89 Firearms, supra, at 104 S.Ct. 1103, 1104, 1105 and 1107.
The two-pronged test reiterated by the court in 89 Firearms, supra, was recently applied to a forfeiture arising out of an illegal drug transaction by the U.S. District Court for the Eastern District of Pennsylvania. That court in U.S. v. Premises Known as 2639 Meetinghouse, 633 F.Supp. 979 (E.D.Pa.1986) stated:
“This is an action in rem by the United States to forfeit certain business and real property alleged to have been acquired with the proceeds of illegal drug transactions and therefore subject to forfeiture under the provisions of 21 U.S.C. § 881(a)(6). ...
Claimant and the ACLU ... contend that § 881 permits criminal punishment by a civil burden of proof in violation of the Fifth and Sixth Amendments. In United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361, 368 (1984), the Supreme Court reiterated the test enunciated in United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), for distinguishing criminal from civil sanctions:
Our inquiry in this regard has traditionally proceeded on two levels. First, we have set out to determine whether Congress, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other (citation). Second, where Congress has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention.
‘[0]nly the clearest proof’ will suffice to establish the unconstitutionality of a statute on that ground. One Assortment of 89 Firearms, 104 S.Ct. at 1106.
Congress has clearly indicated that § 881(a)(6) is a ‘civil in rem’ proceeding rather than a ‘criminal’ sanction. ■ The Comprehensive Drug Abuse Protection and Control Act of 1970 includes § 881(a)(6) within ‘Administrative and Enforcement Practices’ (Part E) not ‘Offense and Penalties’ (Part D) and expressly provides the civil procedures of the customs laws for these in rem proceedings. See United States v. $2,500.00 in U.S. Currency, 689 F.2d 10 (2d Cir.1982), cert, denied, 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123, reh’g denied, 466 U.S. 994, 104 S.Ct. 2376, 80 L.Ed.2d 848 (1984).
Nor is there the ‘clearest proof’ that the purpose or effect of the statute is so punitive it negates Congressional intent to enact a civil penalty. The legislative history of § 881(a)(6) clearly suggests that § 881(a)(6) is designed to serve broad, non-punitive purposes. These remedial purposes include removing the incentive to engage in the drug trade by denying drug dealers the proceeds of ill-gotten gains, stripping the drug trade of its instrumentalities, including money, and financing Government programs designed to eliminate drug trafficking. Id.12 95th Cong., 2d Sess., 124 Cong.R. *237 23055-23057; 7 U.S. Code Cong.R. & Ad. News, 9496, 9523 (1978).
Historically, forfeitures have always been regarded as civil. See United States v. Regan, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914) (tracing the civil nature of forfeiture back to its earliest origins). This forfeiture statute, like its predecessors, is civil and the protections afforded a criminal defendant are not required. See United States v. $2,500.00 in U.S. Currency, 698 F.2d at 10.” (Footnotes omitted).
We find this body of federal law persuasive. This state is clearly concerned with the widespread traffic in illicit drugs and the social problems which such traffic fosters. The legislature recognized the difficulty in proving the origin of monies seized in connection with narcotic arrests and in an attempt to diminish the profitability of the illegal drug trade and to help finance the state’s effort to fight illicit drug trafficking established the § (A)(7)(c) presumption. That presumption is nothing more than an inference, deduced from facts in evidence, which continues to stand only in the absence of clear and convincing evidence to the contrary.
The foregoing leads us to the inescapable conclusion that La.R.S. 32:1550 et seq. establishes a civil remedial proceeding and the presumption created by § (A)(7)(c) is permissive and constitutional. We therefore find this issue without merit.
ISSUE NO. 2
Appellant’s other argument, that the State failed to prove the contraband was valued in excess of $500.00 or was intended for commercial sale, is also without merit. In his reasons for ordering forfeiture, the trial judge specifically stated: “I think the State has carried its burden of proving beyond a reasonable doubt that the contraband was intended for commercial sale.”
Upon the trial on the motions, (a) to forfeit and (b) to release seized evidence, Sgt. Jerome Segur, the supervisor of the Southwest District of Louisiana, Louisiana State Police, was offered by the district attorney and accepted by the court as an expert in the area of narcotics investigation. Sgt. Segur testified that the items recovered from the defendant’s car, a set of balances (scales), a screen type crusher with attachable funnel and container, small plastic baggies and manitol (a substance used to dilute or “cut” high grade cocaine) along with laboratory tests showing traces of cocaine on the crusher and scales, indicated that, in his expert opinion, Spooner was a “dealer”, i.e., a person who sells drugs for profit. Although no salable quantity of cocaine was recovered from the Spooner vehicle, a number of other controlled dangerous substances were recovered along with the foregoing paraphernalia and the approximately $1,500.00 in cash. Considering the evidence and testimony presented, we cannot say the trial judge’s conclusion, that the contraband was intended for commercial sale, was erroneous.
Accordingly, for the reasons stated, the writ is denied. Costs are assessed to the applicant.
WRIT DENIED.

. On appeal, Spooner’s conviction was affirmed by this court, 502 So.2d 256 (La.App. 3rd Cir.1987).