517 So.2d 430 (1987)
Douglas H. GREENBURG, District Attorney
v.
ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS IN CASH.
No. CA 861579.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*431 Mark D. Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appellantDouglas H. Greenburg.
F. Smith Knobloch, Jr., Thibodaux, for defendants and appelleesHeirs of Joey Griffin.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The issue in this appeal is whether appellant, Douglas H. Greenburg, District Attorney for Terrebonne Parish (District Attorney), has sufficiently proven that $175,000 discovered in a safety deposit box during the course of a homicide investigation was contraband subject to forfeiture under La. R.S. 32:1550.
On September 13, 1985, Joey James Griffin was found dead in his residence, the apparent victim of a homicide. At that time, approximately twenty pounds of marijuana, a quantity of a white powdery substance believed to be cocaine[1] and various drug paraphernalia were also found in Griffin's residence. During the course of their investigation, law enforcement officers learned of the existence of a safety deposit box leased in the name of Joey James Griffin and his father, Joseph Samuel Griffin. The last date on which Joey Griffin entered this safety deposit box was approximately ten days before his death. The box was ultimately opened and found to contain $175,000 in cash. Joseph Griffin had never entered the box and disclaimed any knowledge of its contents. Joey Griffin had never been arrested or charged with any criminal offenses prior to his death.
On September 25, 1985, the District Attorney filed a rule to show cause why the $175,000 should not be ordered forfeited as contraband in accordance with La.R. S. 32:1550 et seq. At that time, the district court granted an order allowing the District Attorney to seize the money and place it under seal. Following a hearing, the trial court subsequently rendered judgment on September 26, 1986, dismissing the District Attorney's rule for a declaration of forfeiture. This appeal followed.[2]
As stated by the Supreme Court in State v. Manuel, 426 So.2d 140 (La. 1983), at p. 144:
It is generally recognized that there are two kinds of property which may be classified as contraband. Things which intrinsically are illegal to possess and are therefore insusceptible of ownership are catagorized as contraband per se. Such articles include illegal narcotics, unregistered stills, unlawful alcohol, and illicit gambling devices. See One 1958 Plymouth Sedan v. Pennsylvania supra [379 U.S. 927, 85 S.Ct. 323, 13 L.Ed.2d 340 (1964)] Brown v. State, Etc., 392 So.2d 415 (La.1980). Things which may be forfeited because they are the immediate instruments of a crime, but which are not ordinarily illegal to possess, are classed as derivative contraband. One 1958 Plymouth Sedan v. Pennsylvania, supra, U.S. v. One 1972 Chevrolet Corvette, 625 F.2d 1026 (1 Cir.1980). Derivative *432 contraband encompasses guns, automobiles, ships and other such property when used to effectuate a proscribed activity.
While money is clearly not contraband per se, it is considered derivative contraband if it is a fruit or instrument of illegal activity. However, under La.R.S. 32:1550 et seq., a forfeiture of property can be ordered only after the District Attorney has proven beyond a reasonable doubt[3] that: (1) valid grounds exist for forfeiture of the property under the statute which do not conflict with the constitution; (2) the seizure was made in conformity with the constitution and the law or was made upon reasonable grounds to believe it so conformed; (3) the owner of the property was knowingly and intentionally a consenting party to a violation of the controlled dangerous substance statute; (4) the value of the contraband was greater than $500.00 or was intended for commercial use. Manuel at 147. La. R.S. 32:1550 provides, in pertinent part, as follows:
A. The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
(1) All controlled dangerous substances which have been produced, manufactured, distributed, dispensed, or acquired in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(2) All raw materials, products, and equipment of any kind which are used, or intended for use in producing, manufacturing, dispensing, compounding, processing, importing, or exporting any controlled dangerous substances in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950.
(3) All cash which is used or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of property described in Paragraphs (1) and (2) of this Subsection.

. . . . .
(7)(a) Anything of value furnished, intended to be furnished, or acquired in exchange for a controlled dangerous substance in violation of the provisions of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950,including but not limited to, all proceeds of property traceable to such an exchange and all moneys, negotiable instruments, property, and securities used, or intended to be used, to facilitate such violation or acquired from the proceeds of such violation.
. . . . .
(c) There shall be a rebuttable presumption that all moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances or contraband manufacturing or distributing paraphernalia or records of the illegal importation, manufacture, or distribution of controlled dangerous substances, are contraband as defined herein. The burden of proof shall be upon claimants of such property to rebut this presumption by clear and convincing evidence. (emphasis added)
In this case, the District Attorney argues that the money in question is derivative contraband subject to forfeiture under La.R.S. 32:1550 A.(3), which relates to money used or intended to be used to facilitate illegal activities involving controlled dangerous substances. This argument is without merit. The record does not contain a scintilla of evidence establishing that the money found in the safety deposit box was *433 ever used or intended to be used for any of the activities proscribed in § 1550 A.(3).
The only other section under which the money in question could potentially be classified as derivative contraband is § 1550 A.(7)(a), which classifies money acquired in exchange for controlled dangerous substances as contraband.
In support of this argument, the District Attorney presented a witness who testified that he had twice purchased marijuana from Joey Griffin and had also observed other illegal drugs, as well as a large amount of marijuana, at Griffin's residence. We note that the drug transactions involving this witness were for relatively small amounts of money and it was not established when they occurred in relation to Griffin's death. This evidence is insufficient to carry the District Attorney's burden of proof, because there was no evidence presented establishing that the money in question was connected in any way with illegal drug activities by Griffin. Although controlled dangerous substances and drug paraphernalia were found in Joey Griffin's residence, no connection was established between these objects and the money. The rebuttable presumption provided in § 1550 A.(7)(c) to the effect that money seized incident to a valid arrest and found in close proximity to controlled dangerous substances is contraband is of no aid to the District Attorney herein since there was no arrest and the money was not located in close proximity to contraband. The District Attorney's case consists of nothing more than pure speculation and falls far short of meeting his burden of proving a valid ground for forfeiture beyond a reasonable doubt.[4]
For the above reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of appeal.
AFFIRMED.
NOTES
[1] The white powdery substance found in Griffin's residence field tested out as cocaine, but, at the time of this hearing, lab results on it had not been received.
[2] We are cognitive of the fact that there are cases holding that the judgment in a forfeiture proceedings is not appealable and is properly reviewable by an application for supervisory writs. State v. Traylor, 467 So.2d 875 (La.App. 2d Cir.1985); State v. Cook, 460 So.2d 1075 (La.App. 2d Cir.1984), writs denied, 466 So.2d 465 & 466 (1985). However, the circumstances of the present case are truly unique. Forfeiture proceedings are generally incidental to criminal charges against a particular defendant. This is not true herein, since the person alleged to have been in possession of the contraband is deceased. Accordingly, there are no criminal charges to which the forfeiture proceedings are incidental. Under these circumstances, we choose to review the judgment in question in its present posture.
[3] We are aware of the recent decision rendered by the Third Circuit in State v. Spooner, 505 So.2d 230 (La.App. 3d Cir.1987), to the effect that the language in Manuel stating that in a forfeiture proceeding the State must prove every element of its case beyond a reasonable doubt was not "a firm adjudication of this issue which we [the Third Circuit] are required to follow." Spooner at 233. We disagree with the position taken by the Third Circuit. We further note that the Supreme Court has granted writs in the Spooner case. State v. Spooner, 507 So.2d 221 (La.1987).
[4] Having concluded that the first requisite for forfeiture of property under La.R.S. 32:1550 is not present, we need not inquire whether the other requisites have been met.