APPEAL DISMISSED: Unlike proceedings under La.R.S. 15:1351, et seq., proceedings under La.R.S. 32:1550 have consistently been treated as criminal matters.[1] See State v. Spooner, 520 So.2d 336 (La.1988); State v. Manuel, 426 So.2d 140 (La.1983); State v. Whiting, 493 So.2d 286 (La.App. 2nd Cir.), writ denied, 496 So.2d 354 (La.1986); State v. Traylor, 467 So.2d 875 (La.App. 2nd Cir.1985); State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984), writ denied, 466 So.2d 465 (La.1985). Since there is no right to trial by jury in a forfeiture proceeding under Title 32, a judgment ordering or denying forfeiture is not ap-pealable. La. Const. Art. V, § 10(A)(3); La.R.S. 32:1550(C); State v. Traylor; State v. Cook. Defendant’s proper remedy is to apply for supervisory writs. See La.C. Cr.P. art. 912.1C(1).
The present appeal does not comply with Rule 4, Uniform Rules — Courts of Appeal. Therefore, it will not be treated as an application for supervisory writs. See State v. Clause, 486 So.2d 1206, at fn. 2 (La.App. 1st Cir.1986). Defendant may file an application in compliance with Rule 4, if he so elects.

. This Court treated a forfeiture under R.S. 32:1550 as a civil appeal in Greenburg v. One Hundred Seventy-Five Thousand Dollars in Cash, 517 So.2d 430 (La.App. 1st Cir.1987). However, as noted in fn. 2, the circumstances of that case justified such a treatment. The circumstances herein are not analogous.