IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

## STATE OF TENNESSEE v. CHARLIE M. GARDNER

**Appeal from the Criminal Court for Davidson County**
**No. 97-D-2814     Mark J. Fishburn, Judge**
_____

### No. M2025-01217-CCA-R3-CD
_____

The Defendant, Charlie M. Gardner, was convicted in May 1999 by a Davidson County Criminal Court jury of one count of first degree murder and two counts of reckless aggravated assault. *State v. Gardner*, No. M1999-02214-CCA-R3-CD, 2001 WL 306227, at *1 (Tenn. Crim. App. Mar. 30, 2001), *perm. app. denied* (Tenn. Oct. 1, 2001). The Defendant's convictions were affirmed on appeal. *Id.* at *13. On March 11, 2025, the Defendant filed a motion to correct clerical errors in his judgments of conviction, which the trial court granted on April 11, 2025. The Defendant filed a motion for a new trial on May 12, 2025, arguing it was timely because it was filed within thirty days of the entry of his corrected judgments. The trial court summarily dismissed the Defendant's motion for a new trial as untimely. The Defendant appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Charlie M. Gardner, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; and Glenn R. Funk, District Attorney General.

## OPINION

### I.     FACTUAL AND PROCEDURAL HISTORY

The Defendant, Charlie M. Gardner, was convicted by a Davidson County jury of first degree murder and two counts of reckless aggravated assault after a May 1999 jury

trial. *State v. Gardner*, No. M1999-02214-CCA-R3-CD, 2001 WL 306227 at *1 (Tenn. Crim. App. Mar. 30, 2001), *perm. app. denied* (Tenn. Oct. 1, 2001). He raised multiple issues on direct appeal, including the sufficiency of the evidence establishing his identity as the shooter. *Id.* This court affirmed the trial court's judgments, and the Tennessee Supreme Court denied his application for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 11. *Id.*; *see State v. Gardner*, No. M1999-02214-SC-R11-CD (Tenn. Oct. 1, 2001) (order).

The Defendant thereafter filed multiple unsuccessful challenges to his convictions in both state and federal courts. *See Gardner v. State*, No. M2003-01036-CCA-R3-PC, 2004 WL 840086, at *1 (Tenn. Crim. App. Apr. 16, 2004) (affirming denial of post-conviction relief), *perm. app. denied* (Tenn. Sep. 13, 2004); *Gardner v. Parker*, No. M2005-01924-CCA-R3-HC, 2006 WL 119635, at *1 (Tenn. Crim. App. Jan. 17, 2006) (affirming denial of state habeas corpus relief), *perm. app. denied* (Tenn. May 30, 2006), *cert. denied* 549 U.S. 1060 (2006); *Gardner v. State*, No. M2011-01847-CCA-R3-CO, 2013 WL 794026, at *1 (Tenn. Crim. App. Mar. 5, 2012), *perm. app. denied* (Tenn. Aug. 14, 2013) (affirming denial of error coram nobis relief); *Gardner v. Qualls*, No. 3:14-CV-1440, 2017 WL 2080195, at *2 (M.D. Tenn. May 15, 2017) (denying federal habeas corpus relief), *aff'd Gardner v. Qualls*, No. 17-5677, 2017 WL 9565330, at *2 (6th Cir. Dec. 20, 2017) (order).

On March 11, 2025, the Defendant filed a motion to correct clerical errors in his judgments of conviction. He argued in his motion that the judgment forms did not display a "file stamp" by the court clerk, and, therefore, "the entire history of appellate proceedings . . . have been illegal, null and void on their face, and have no legal effect, whatsoever, on the instant claims being presented for the first time." He requested that the trial court enter corrected judgments and permit him to file a motion for a new trial within thirty days seeking relief on issues not previously determined.

On April 11, 2025, the trial court entered a written order construing the Defendant's motion as a motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36. The trial court granted the Defendant's request, in part, finding that the lack of a file stamp on the judgment forms was a clerical error and ordered that the error be remedied by entering corrected judgments containing a file-stamp date. However, the trial court denied any further relief, specifically finding that the original judgments were not "illegal, null, and void on their face" because they contained all the required and relevant information regarding the Defendant's convictions and sentences. The trial court ruled that the Defendant was "not entitled to relief beyond the entry of corrected judgments." Corrected judgments were entered on the same day.

On May 12, 2025, the Defendant filed a motion for a new trial, alleging prosecutorial misconduct during his trial and challenging the trial court's failure to act as the thirteenth juror, the sufficiency of the evidence, and the admission of "coerced remarks by witnesses." The trial court summarily dismissed this motion on July 9, 2025, by written order, finding that it was a "nullity" because the entry of corrected judgments did not create new judgments. The Defendant filed a notice of appeal on August 5, 2025.

## II.    ANALYSIS

The Defendant did not designate the judgment from which he was seeking relief in his notice of appeal as required by Tennessee Rule of Appellate Procedure 3(f). However, in a docketing statement filed with the Appellate Court Clerk's Office, the Defendant listed the nature of the case as an original appeal, the date of final judgment or order appealed from as April 11, 2025, and the date of the denial of a motion for a new trial as July 9, 2025. In his appellate brief, the Defendant lists four issues for review. However, he only addresses one of these issues in the body of his brief: whether the evidence presented at his 1999 jury trial was sufficient to establish his guilt beyond a reasonable doubt.[1] The State argues that the trial court did not err in summarily dismissing the Defendant's recent motion for a new trial as untimely because the corrected judgments did not "restart" the time for filing a motion for a new trial. We hold that the entry of corrected judgments did not provide for a second appeal from the original judgments and that consideration of the single issue raised in this appeal is barred by the law of the case doctrine.

Tennessee Rule of Appellate Procedure 3 provides for "an appeal as of right" from any judgment of conviction entered by a trial court on a plea of not guilty. *See* Tenn. R. App. P. 3(b).[2] The Defendant exercised his appeal as of right after his conviction in 1999. *Gardner*, 2001 WL 306227 at *1. Although the Defendant does not address on appeal the trial court's summary dismissal of his second motion for a new trial as a "nullity," he argued in the trial court that he should be permitted to file a "timely" motion for a new trial within thirty days of the entry of his corrected judgments. However, as the trial court noted in its April 11, 2025 order, and as this court has consistently held, the entry of corrected judgments does not serve to extend or "restart" the thirty-day timeframe in which a defendant may timely file a motion for a new trial. *See State v. Presley*, No. M2007-02487-

---

[1] Because the Defendant fails to develop or present an argument regarding any of the other claims included in his statement of the issues in his brief, they are waived. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

[2] Rule 3(b) also provides an appeal as of right from an order pursuant to Tennessee Rule of Criminal Procedure 36. However, the Defendant chose not to appeal from the trial court's April 11, 2025 order granting in part the Defendant's Rule 36 motion to correct a clerical mistake.

CCA-R3-CD, 2008 WL 3843849, at *3 (Tenn. Crim. App. Aug. 18, 2008) ("By definition, an amended or corrected judgment operates upon the existing judgment . . . [and] generally does not restart the time for filing a tolling motion such as a Rule 33 motion for a new trial[.]"), *no perm. app. filed*; *see also, e.g.*, *State v. Dudley*, No. M2025-00250-CCA-R3-CD, 2025 WL 3046234, at *2 (Tenn. Crim. App. Oct. 31, 2025), *no perm. app. filed*; *State v. Kennedy*, No. E2019-00403-CCA-R3-CD, 2019 WL 7049694, at *2 (Tenn. Crim. App. Dec. 20, 2019), *perm. app. denied* (Tenn. Apr. 16, 2020); *State v. Rhodes*, No. M2018-00136-CCA-R3-CD, 2019 WL 4052535, at *2 (Tenn. Crim. App. Aug. 28, 2019), *no perm. app. filed*.

The Defendant's reliance in the trial court on *State v. Graham*, 90 S.W.3d 687 (Tenn. 2002), and *State v. Robinette*, No. E2014-01688-CCA-R3-CD, 2015 WL 4745065 (Tenn. Crim. App. Aug. 11, 2015), is misplaced. In both *Graham* and *Robinette*, the appellate courts determined that the appropriate date from which to calculate motion filing deadlines was the "file-stamp" date. *See Graham*, 90 S.W.3d at 690-91 (the appeal period from an order denying a motion to reopen post-conviction proceedings begins when the trial court clerk actually files the order); *Robinette*, 2015 WL 4745065, at *4 (defendant's motion to withdraw guilty plea was timely, although filed thirty-one days after the date of entry of judgment, because the judgment documents did not contain a file-stamp date). Neither these nor any other Tennessee cases, however, stand for the proposition that the correction of a clerical mistake on a judgment form by adding a file-stamp date erases the prior procedural history of the case and again places the parties "at the motion for new trial stage," as argued by the Defendant in the trial court.

In his appellate brief, the Defendant challenges the sufficiency of the evidence for each of his convictions, arguing there was insufficient proof to identify him as the shooter. Twenty-five years ago, the Defendant challenged the sufficiency of the evidence in his direct appeal in which this court thoroughly considered and denied the very same claim he makes today. *See Gardner*, 2001 WL 306227, at *8-13. Thus, consideration of the sufficiency of the evidence claims now presented to us is barred under the principles of res judicata, specifically the law of the case doctrine.

The Tennessee Supreme Court has previously explained the law of the case doctrine in thusly:

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine

applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

*Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd*., 975 S.W.2d 303, 306 (Tenn. 1998).

Additionally, this court's rulings or decisions are "'binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review. *Clements v. Pearson*, 352 S.W.2d 236, 237 (Tenn. 1961) (quoting Black's Law Dictionary, Third Ed.). The issue he raises now has been previously determined and may not be reexamined under the law of the case doctrine.

## III.   CONCLUSION

Following our review of the record and based upon the foregoing analysis, we determine that the trial court did not err in summarily dismissing the Defendant's second motion for a new trial and affirm the judgment of the trial court.

s/ *STEVEN W. SWORD*
STEVEN W. SWORD, JUDGE

- 5 -